UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELL FILM HOLDINGS, LLC,<br><br>                                  Plaintiff,<br><br>v.<br><br>DOE-72.197.18.54,<br><br>                                  Defendant. | Case No.: 16cv2289-BEN (BLM)<br><br>**ORDER GRANTING EX PARTE MOTION TO EXPEDITE DISCOVERY**<br><br>**[ECF No. 5]** |

Currently before the Court is Plaintiff's September 13, 2016 "PLAINTIFF'S *EX PARTE* MOTION TO EXPEDITE DISCOVERY." ECF No. 5. Because the Defendant has not been identified, no opposition or reply briefs have been filed. Having reviewed Plaintiff's motion and all supporting documents, the Court **GRANTS** the motion for the reasons set forth below.

## BACKGROUND

Plaintiff alleges that it "is the registered copyright owner of the motion picture *Cell*." ECF No. 5-1 at 1. On September 9, 2016, Plaintiff filed a complaint against Doe 72.197.18.54 alleging direct copyright infringement. ECF No. 1 ("Comp."). Plaintiff alleges that Defendant has illegally infringed and distributed its copyrighted movie, *Cell*, over the internet. Id. at 4. Plaintiff further alleges that Defendant, who is "currently known only by their Internet Protocol ("IP") Address" infringed Plaintiff's copyright through the BitTorrent software on 107 occasions. Id. at 4-5. Plaintiff describes the BitTorrent network as a "peer-to-peer exchange of a large number of

copyrighted titles." Id. at 5.

On September 13, 2016, Plaintiff filed the instant motion. ECF No. 5. Plaintiff seeks an order from the Court allowing it to serve a subpoena to Defendant's Internet Service Provider[1] ("ISP") seeking Defendant's true name and address pursuant to Federal Rule of Civil Procedure 45. ECF No. 5-1 at 3.

## DISCUSSION

### A. The Cable Privacy Act

The Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). However, a cable operator may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). A cable operator is defined as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5). Accordingly, Plaintiff seeks an Order instructing Cox Communications to produce documents and information sufficient to identify the user of the specified IP address.

### B. Early Discovery

A party may not seek discovery from any source before the Rule 26(f) conference unless that party first obtains a stipulation or court order permitting early discovery. Fed. R. Civ. P. 26(d)(1). Courts in the Ninth Circuit apply the "good cause" standard in deciding whether to permit early discovery. Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 274 (N.D. Cal. 2002) (adopting the conventional standard of "good cause" in evaluating a request for expedited discovery). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. at 276. Good

---

[1] The ISP at issue is Cox Communications. ECF No. 5-1 at 2.

cause for expedited discovery has been found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. Id. In infringement cases, expedited discovery is frequently limited to allowing plaintiffs to identify Doe defendants. See UMG Recordings, Inc. v. Doe, 2008 WL 4104207, at *3 (N.D. Cal. Sept. 4, 2008) (granting leave to take expedited discovery for documents that would reveal the identity and contact information for each Doe defendant).

District courts in the Ninth Circuit apply a three-factor test when considering motions for expedited discovery to identify certain defendants. Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court." Id. at 578. Second, the plaintiff must describe "all previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify the defendant. Id. at 579. Third, plaintiff should establish that its lawsuit could withstand a motion to dismiss. Id.

1. Identification of Missing Party with Sufficient Specificity

First, Plaintiff must identify the Doe defendant with sufficient specificity to enable the Court to determine that the Doe defendant is a real person subject to the Court's jurisdiction. See Columbia Ins. Co., 185 F.R.D. at 578. Plaintiff has provided a declaration stating it retained MaverickEye UG, Plaintiff's investigators, to compile data relating to the IP address at issue. ECF No. 5-3, Declaration of James S. Davis ("Davis Decl.") at 2. MaverickEye UG determined that the Doe IP address made available an infringing copy of Plaintiff's motion picture on 107 occasions between June 12, 2016 and June 15, 2016 and that the Doe IP address belonged to Cox Communications and was accessed from a location in Oceanside, CA. Id.; Comp., Exh. 2. Mr. Davis also entered the Doe IP address into three websites to determine the location of the IP address and the websites' geolocation trackers confirmed that the Doe IP address traced to San Diego County.[2] Davis Decl. at 2-3. Because Plaintiff has provided the Court with the unique

---

[2] "Some district courts in the Ninth Circuit have determined that a plaintiff identifies Doe

IP address and the dates and times of connection, the name of the ISP and/or cable operator that provided Internet access for the user of the identified IP address, and used geolocation technology, the Court finds that Plaintiff has made a satisfactory showing that Doe 72.197.18.54 is a real person or entity behind the alleged infringing conduct who would be subject to suit in federal court.

### 2. Previous Attempts to Locate Defendant

Second, Plaintiff must describe all prior attempts it has made to identify the Doe defendant in a good faith effort to locate and serve them. See Columbia Ins. Co., 185 F.R.D. at 579. Plaintiff retained an investigator to identify the IP address of BitTorrent users who were allegedly reproducing Plaintiff's copyrighted material. See Davis Decl. Although Plaintiff's investigator obtained Defendant's IP address, "Plaintiff has no means to readily identify the Doe defendant as a named individual." ECF No. 5-1 at 6. Only Cox Communications can correlate the IP address to a specific individual at a given date and time. See id. The Court therefore finds that Plaintiff has made a good faith effort to identify and locate the Doe defendant.

### 3. Whether Plaintiff Can Withstand a Motion to Dismiss

"[A] plaintiff who claims copyright infringement must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004) (citations omitted). To prove a claim of direct copyright infringement, "a plaintiff must show that he owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights

---

defendants with sufficient specificity by providing the unique IP address assigned to an individual defendant on the da[te] of the alleged infringing conduct, and by using 'geolocation technology' to trace the IP address to a physical point of origin." See Malibu Media, LLC v. Does 1-19, 2012 WL 2152061, at *3 (S.D. Cal. June 12, 2012) (citing Openmind Solutions, Inc. v. Does 1-39, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011); Pink Lotus Entm't v. Does 1-46, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011)). Others have found that merely identifying the IP addresses assigned to the defendants on the day of the purported infringement is sufficient to satisfy the first factor. Malibu Media, LLC, 2012 WL 2152061, at *3 (citing MCGIP, LLC v. Does 1-149, 2011 WL 3607666, at *2 (N.D. Cal. Aug. 15, 2011)). Here, Plaintiff has done both. See Comp.

under the Copyright Act." Id. (citation omitted).

Plaintiff provides evidence that it is the exclusive rights holder of the copyrighted works at issue. See Comp. at 3, Exh. 1 ("Certificate of Registration"). Plaintiff alleges that between June 12, 2016 and June 15, 2016, Defendant infringed Plaintiff's copyrighted work by using the BitTorrent file distribution network. See Comp. at 5, Exh. 2. Plaintiff further alleges that it did not permit or consent to Defendant's copying or distribution of this work. See Comp. at 9, ECF No. 5-1 at 7. Accordingly, Plaintiff has alleged the prima facie elements of direct copyright infringement and could withstand a motion to dismiss. See Columbia Ins. Co., 185 F.R.D. at 579-80.

## CONCLUSION

Having found good cause, the Court **GRANTS** Plaintiff's motion for expedited discovery. For the foregoing reasons, it is hereby ordered that:

1. Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45, on Cox Communications that seeks only the true name and address of Doe 72.197.18.54. Plaintiff may not subpoena additional information;

2. Plaintiff may only use the disclosed information for the purpose of protecting its rights in pursuing this litigation;

3. Within fourteen (14) calendar days after service of the subpoena, Cox Communications shall notify the subscriber that its identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge the disclosure by filing an appropriate pleading with this Court contesting the subpoena;

4. If Cox Communications wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other customer challenge is brought, Cox Communications shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge; and

5. Plaintiff shall serve a copy of this Order with any subpoena obtained and served

1 pursuant to this Order to Cox Communications.  Cox Communications, in turn, must provide a
2 copy of this Order along with the required notice to the subscriber whose identity is sought
3 pursuant to this Order.
4 **IT IS SO ORDERED**.

6 Dated:  10/5/2016

Hon. Barbara L. Major
United States Magistrate Judge