UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELL FILM HOLDINGS, LLC,<br><br>                                        Plaintiff,<br><br>v.<br><br>DOE-72.197.18.54,<br><br>                                        Defendant. | Case No.: 16cv2289-BEN (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL;**<br><br>**AND**<br><br>**(2) GRANTING EX PARTE MOTION FOR LEAVE TO ISSUE AN FRCP 45 SUBPOENA.**<br><br>**[ECF Nos. 10, 11]** |

Currently before the Court is Plaintiff's December 21, 2016 *ex parte* "Motion to File Documents Under Seal" [ECF No. 11] and Plaintiff's December 21, 2016 *ex parte* "Motion for Leave to Issue an FRCP 45 Subpoena" [ECF No. 10]. Because the Defendant has not been served, no opposition or reply briefs have been filed. Having reviewed Plaintiff's motions and all supporting documents, the Court **GRANTS** both motions for the reasons set forth below.

## BACKGROUND

Plaintiff, Cell Film Holdings, LLC. ("Plaintiff"), filed a complaint against Doe-72.197.18.54 alleging direct copyright infringement. ECF No. 1 ("Comp."). Plaintiff alleges that Defendant

has illegally infringed and distributed its copyrighted movie, *Cell*, over the internet. Id. at 4. Plaintiff further alleges that Defendant infringed Plaintiff's copyright through the BitTorrent software on 107 occasions. Id. at 4-5. On September 13, 2016, Plaintiff filed an *ex parte* Motion to Expedite Discovery, seeking to subpoena Defendant's Internet Service Provider ("ISP"), Cox Communications, for Defendant's true name and address pursuant to Federal Rule of Civil Procedure ("FRCP") 45. ECF No. 5-1 at 3. On October 5, 2016, the Court granted Plaintiff's *ex parte* motion. ECF No. 7. In accordance with the Court's order, Plaintiff served a subpoena on Cox Communications on October 7, 2016. ECF No. 8 at 1. Cox Communications responded on November 23, 2016, and provided the identifying information for the subscriber assigned to IP address 72.197.18.54. Id.

Plaintiff sent two letters to the subscriber of IP address 72.197.18.54. Id. at 2, ECF Nos. 10-6, 10-7. The first letter was sent on November 23, 2016, and the second letter was sent on December 2, 2016. ECF Nos. 10-6, 10-7. The letters advise the subscriber that the IP address assigned to the subscriber and his or her address was used to distribute protected material, including the motion picture, *Cell*, owned by Plaintiff. ECF Nos. 10-6, 10-7. The letters recommend that the subscriber consult an attorney and ask the subscriber to contact Plaintiff's counsel to provide "assistance in identifying the infringer and responsible party." ECF No. 10-6 at 2. Plaintiff has not received any response to the two letters. ECF No. 10-2, Declaration of James S. Davis in Support of the Supplement to Plaintiff Motion for FRCP 45 Deposition ("Davis Decl."), at 2. Therefore, Plaintiff requested an additional ninety (90) days to complete service upon the Defendant and explained that it planned to file a motion for discovery "within the next few weeks." ECF No. 8 at 2. On December 15, 2016, District Judge Benitez granted in part Plaintiff's motion. ECF No. 9. Judge Benitez gave Plaintiff until January 20, 2017 to serve Defendant. Id. at 2.

**MOTION TO FILE DOCUMENTS UNDER SEAL**

On December 21, 2016, Plaintiff filed an *ex parte* motion seeking an order permitting it to serve an FRCP 45 subpoena to depose the subscriber of the IP address. ECF No. 10. In support of the motion, Plaintiff attached two letters addressed to the subscriber in which Plaintiff

redacted the subscriber's name and address. ECF Nos. 10-6, 10-7. Also on December 21, 2016, Plaintiff filed a motion to file the subscriber information of Doe-72.197.18.54 under seal. ECF No. 11. Specifically, Plaintiff seeks permission to file under seal a document identifying the subscriber's name and address and to use the redacted letters. Id.; see ECF Nos. 10-6, 10-7. In support, Plaintiff merely states that some judges have required this protection. ECF No. 11 at 1. Because it is not yet clear whether the subscriber is a witness or a future defendant, the Court finds it appropriate to seal the subscriber's identifying information. See ECF No. 10-1 at 16. Accordingly, the Court **GRANTS** Plaintiff's motion to file the subscriber information of Doe-72.197.18.54 under seal.

## MOTION FOR LEAVE TO ISSUE AN FRCP 45 SUBPOENA

On October 5, 2016, the Court granted Plaintiff's motion to expedite discovery and authorized Plaintiff to subpoena records from Cox Communications to ascertain the identity of the defendant, who is identified in the Complaint by an Internet Protocol ("IP") address only. ECF No. 7. On December 21, 2016, Plaintiff filed a "Motion for Leave to Issue an FRCP 45 Subpoena" to take additional early discovery, indicating that Cox Communications identified the subscriber and requesting leave to depose the subscriber. ECF No. 10-1 at 18. Plaintiff explains that the subscriber has not responded to Plaintiff's letters seeking voluntary cooperation from the subscriber to identify the alleged infringer and that therefore a deposition is necessary to ascertain the identity of the alleged infringer. Id. at 16.

For the reasons stated in this Court's October 5, 2016 order, Plaintiff has shown good cause for its request for leave to conduct early discovery. See ECF No. 7, see also Fed. R. Civ. P. 26(d)(1); Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). The Court also finds good cause to allow Plaintiff to depose the subscriber since the subscriber has not voluntarily responded to Plaintiff's letters and Plaintiff does not know whether the subscriber is the alleged infringer or a potential witness to the alleged violation. Accordingly, Plaintiff's request to depose the subscriber identified in the sealed document filed on December 21, 2016 [ECF No. 10] is **GRANTED** with the following conditions:

1. The deposition length is limited to one and a half (1.5) hours.

2. Questions are limited to establishing the identity of the person(s) who may have installed or used a BitTorrent client on a device that used IP address 72.197.18.54 located at the address identified in ECF No. 11 from June 12, 2016 through June 15, 2016 to upload or download the movies identified in ECF No. 10-6 at 3-4.

3. Plaintiff must notify the subscriber of the California Bar Lawyer Referral Service available online at http://www.calbar.ca.gov/Public/LawyerReferralServicesLRS.aspx or by calling (866) 442-2529 and urge the subscriber to consult an attorney as soon as possible.

4. Plaintiff must make reasonable efforts to accommodate the subscriber in time and location of the deposition and ensure that service of the subpoena includes a copy of this Order, ECF No. 12, and ECF No. 10-6 which identifies the dates, times, and film titles of the alleged violations.

5. Plaintiff must notify the subscriber that ignoring a Court Order, a subpoena seeking the subscriber's deposition, or a Summons and Complaint may result in sanctions including an award of attorney fees and possibly the entry of a default judgment for money damages.

**IT IS FURTHER ORDERED** that Plaintiff shall refer to the subscriber generally in public filings and attach a separate exhibit that includes the subscriber's identifying information until the alleged infringer(s) is identified.

**IT IS SO ORDERED.**

Dated: 1/5/2017

Hon. Barbara L. Major
United States Magistrate Judge